## MARILLA B. SPENCER'S
## APPEAL FROM PROBATE

Superior Court     New Haven County     File #49816

Present:   Hon. ARTHUR F. ELLS, Judge.

Watrous, Hewitt,
Gumbart & Corbin,     Attorneys for the Appellant.

George W. Crawford,     Attorney for the Appellee.

MEMORANDUM FILED JUNE 25, 1936.     122 Conn. 327

ELLS, J. An appeal signed by Marilla B. Spencer states that she is an executrix, legatee, and trustee of a will of Frederick C. Spencer executed September 5, 1934 which was revoked in part only, but that the Probate Court admitted another will dated March 5, 1934, and rejected the later one

dated September 5 and that the "subscriber" is aggrieved; that the "subscriber" appeals. The co-executor moved to dismiss the appeal and erase it from the docket and states as one reason that the appellant has qualified as executrix of the will appealed from and is acting as such. One of the specific questions raised was this—may an executrix attack the very will she has qualified under, and thereby become obligated to defend? Judge McEvoy's answer was "No". The question is now before the Supreme Court.

On the same day another appeal was filed by Marilla B. Spencer stating that she is the sole heir at law of Frederick C. Spencer and is aggrieved because the Probate Court approved and admitted a will dated March 5, 1934 (the same one involved in the other appeal). The answer raises one of the questions included in the other case, namely, can the qualified and acting co-executor of a will attack it on appeal and ask to have it thrown out. A demurrer to this defense brings the question to an issue.

The question is a close one and is before the Supreme Court at this, the June term, in slightly different form. The sensible course is to let the answer stand and to follow Judge McEvoy's ruling. If the Supreme Court's decision does not throw light on this particular point, or if it sustains Marilla Spencer's right as an heir at law to attack the will of which she is co-executor, the demurrer may be refiled.

Another good reason for overruling the demurrer is that much of the excellent reasoning in the brief supporting the right of appeal is based on the claim that "she has never intended to waive her right to appeal. She did not apply for the probate of the will, but has always made it clear that she was contesting the probate of it". This does not appear directly or indirectly in the pleadings to date. The cases quoted speak of "facts" supporting the doctrine of estoppel—or failing to support it. These facts are not yet in the case and it may be that the question of law can be better raised after the facts are in evidence.

The demurrer is overruled.